## Case No. 1,239.

### In re BELDEN.

[5 Ben. 476;[1] 6 N. B. R. 443.]

District Court, S. D. New York. Jan. 27, 1872.

STAY OF PROCEEDINGS AGAINST BANKRUPT — UNREASONABLE DELAY—PETITION OF REVIEW.

A bankrupt filed his petition in bankruptcy October 30th, 1869. In June, 1871, M. & Co., creditors, commenced a suit against him in a state court, to recover for goods sold to him in September, 1869. In October, 1871, on the bankrupt's petition, an order was made that M. & Co. might take judgment in their suit, and that further proceedings therein be stayed, to await the determination of the question of his discharge in bankruptcy. The judgment was entered on October 20th, 1871. After the lapse of three months, M. & Co. applied to have the stay set aside, on the ground that there had been unreasonable delay on the part of the bankrupt, in endeavoring to obtain his discharge. It appeared that, prior to the commencement of the creditors' suit, the bankrupt has made application for his discharge; that controversies had arisen in the proceedings, and, among others, as to whether certain other creditors had

so proved their debts as to authorize them to contest the application for discharge, which questions, having been certified by the court, were decided by the court in October, 1870, and that, on November 17th, 1870, the bankrupt presented a petition of review to the circuit judge, praying a review and reversal of that decision, and obtained an order to show cause why the prayer of the petition should not be granted, returnable on November 19th, 1870, with a stay of all proceedings under the order sought to be reviewed. The petition of review had not, by January, 1872, been brought to a hearing. Held, that the order of the circuit judge stayed the granting of a discharge; that, as the bankrupt showed no reason for the delay in bringing the petition of review to a hearing, there had been unreasonable delay on his part in obtaining his discharge, within the meaning of the 21st section of the bankruptcy act [of 1867, (14 Stat. 526,)] and that the stay of M. & Co.'s proceeding on their judgment must be vacated.

[In bankruptcy. Application of L. Marcotte & Co., creditors of William Belden and George W. Hooker, bankrupts, to discharge an order of stay for unreasonable delay by the bankrupts in endeavoring to obtain a discharge. Granted.]

Hugh Porter, for L. Marcotte & Co.

H. E. & C. B. Stoughton, for bankrupt.

BLATCHFORD, District Judge. The petition for adjudication in this case, a voluntary one, was filed on the 30th of October, 1869. The adjudication was made on the 1st of November, 1869. On the 12th of May, 1870, the bankrupt filed his application for a discharge. Between the 1st and the 8th of September, 1869, the firm of L. Marcotte & Co. delivered to the bankrupt furniture and merchandise to the amount of $2,435. On the 15th of June, 1871, they commenced an action against him in a state court, to recover the said sum. He appeared in the suit, and served a verified answer, denying that he had ever bought or received the property, or was indebted to the plaintiffs in the suit in any sum. Thereupon, they obtained an order to examine him, as a party, before trial, which order was served on him. He then served an offer in writing to allow judgment to be entered against him for the $2,435, with interest and costs, and the offer was accepted. On the 17th of October, 1871, he presented to this court a petition verified by him on the 16th, setting forth that the indebtedness to L. Marcotte & Co. arose prior to the presentation of the petition in bankruptcy, and was a provable debt, and praying that they might take judgment for the amount claimed, with costs, and that all further proceedings in the action might be stayed to await the determination of this court on the question of his discharge from his debts. An order to that effect was made by the court on the 17th of October, 1871. The judgment was entered in the state court on the 20th of October, 1871. The debt has never been proved in bankruptcy. L. Marcotte & Co. now apply to this court to discharge the order of stay, on the ground that there has been unreasona-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

ble delay on the part of the bankrupt in endeavoring to obtain his discharge.

On the filing of the application for a discharge, an order of hearing was made, returnable June 9th, 1870. Prior to that day, and in May, 1870, orders had been made referring to the register, for investigation, on the application of the assignee, certain claims of S. R. Jacobs, William Reed, Charles T. Yerks, Junior, and Jay Cooke & Co., as creditors, proofs of which claims had been postponed by the register, prior to the meeting for the election of an assignee. On the 8th of June, 1870, Jay Cooke & Co. applied to the register for an order to examine the bankrupt and the assignee and others, to enable Jay Cooke & Co. to file specifications against the discharge. On the 9th of June, 1870, Reed and Yerks filed specifications against the discharge. On that day the bankrupt objected, before the register, to the application of Jay Cooke & Co. and to the specifications of Reed and Yerks, on the ground that they had not proved their debts, and had no standing in court, and could not be permitted to show cause against a discharge. A motion before the register, on that day, by Jay Cooke & Co., to adjourn the hearing on the application for a discharge, was opposed by the bankrupt on the same grounds, and on the further ground, that no such examination as Jay Cooke & Co. had applied for could be allowed, to enable a party to make and file specifications. The motion was denied by the register, on the ground that Jay Cooke & Co. had not proved their debt, but their claim had been referred to him for investigation, and no proceedings had been had on such reference. This decision of the register was, at the request of Jay Cooke & Co., certified to this court. This court held [2] that the register had power to adjourn the hearing until after the investigation into the disputed claims should be had. Thereupon, the hearing on the discharge was adjourned to the 23d of June, 1870.

On the 16th of June, 1870, Jay Cooke & Co. had subpoenaed the assignee to appear before the register, claiming the right to examine him in relation to the validity of a claim of his which had been proved. To this the bankrupt and the assignee objected, before the register, on the ground that Jay Cooke & Co. had not proved their debt and had no standing in court. Jay Cooke & Co. alleged, in reply, that they had filed with the register, on the 23d of May, 1870, a deposition in proof of their debt, which had been certified by the register in the usual form. This was denied, and it was alleged that protests and affidavits against the claim of Jay Cooke & Co., made by creditors who had proved their debts, had been filed with the register on the 11th of May, 1870. The register sustained the objections made by the bankrupt and the assignee, and, at the re-

quest of Jay Cooke & Co., the decision was certified to this court.

On the 9th of June, 1870, Jay Cooke & Co., Ralli & Fachiri, and G. H. & H. Redmond filed with the register their protests against the claims of thirty-three creditors who had proved their debts before the first meeting of creditors. These protests were objected to by the bankrupt and the assignee, on the ground that the protestants had not proved their debts and had no standing in court.

On the 23d of June, 1870, the day of the adjourned hearing on the discharge, the said protestants moved for an adjournment till June 30th, 1870. This motion was opposed by the bankrupt, on the ground that the claims of the said protestants had not been proved, and that Jay Cooke & Co. had taken no steps to prove their claims under the order of reference to the register, but had refused, on a requirement to that effect made by the register, to do so, and that all the creditors who had proved their debts, being a majority in number and value of all the creditors, including those in controversy, had signed a written consent to the discharge, and that the bankrupt had, in all other respects, complied with the law, to entitle himself to a discharge. The register decided that he would not adjourn the hearing. Thereupon, at the request of the said protestants, the decision was certified to this court, and the papers touching the subject, including the specifications filed by Reed and Yerks, were transmitted to this court.

On the 3d of July, 1870, Jay Cooke & Co. and Jacobs filed specifications against a discharge, which were transmitted to this court.

The decision of the register as to the right of Jay Cooke & Co. to examine the assignee as to his debt, and the decision of the register refusing further to adjourn the hearing on the discharge were reviewed by this court,[3] on a hearing, in October, 1870. It held that the claims of Jay Cooke & Co. were duly proved on the 23d of May, 1870; that the claim of Ralli & Fachiri ought to have appended to it the certificate of the commissioner before whom it was taken, that it was satisfactory to him, and, if such certificate was procured, the claim would be filed nunc pro tunc as of the 1st of June, 1870, and would be regarded as having been duly proved at that time; that Jay Cooke & Co. were entitled to an order of examination, under section 26th of the act, according to form No. 45; that the assignee was bound to answer the questions put to him, so far as they related to any matter of examination specified in section 26th; that the case would stand for hearing, as to the question of discharge, on the specifications of Jacobs, Jay Cooke & Co., Reed and Yerks; and that any party might take testimony thereon before the register.

On the 17th of November, 1870, the bank-

rupt presented to the circuit judge a petition setting forth the foregoing proceedings, and that he was aggrieved by the decisions of the court, and praying the circuit judge to review and reverse such decisions. The circuit judge granted leave to file the petition, and made an order requiring Jacobs, Jay Cooke & Co., Yerks, Reed, and Ralli & Fachiri to show cause before him on the 19th of November, 1870, why the prayer of the petition should not be granted, and directing that, in the mean time, and until the hearing and determination of the motion on the order, all proceedings under the orders of this court herein should be suspended.

This order stays all proceedings towards a hearing on the specifications against a discharge, and stays such hearing, and, consequently, stays the granting of a discharge, so long as a decision is not made by the circuit judge on a review of the decisions of this court a review of which is asked. But, the 21st section of the act provides, that proceedings to collect a provable debt shall, on the application of the bankrupt, be stayed, to await the determination of the court in bankruptcy on the question of the discharge, provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge. L. Marcotte & Co. are not parties to the petition of review pending before the circuit judge. They can do nothing to further a decision on such petition, except to make this application to discharge the order of stay granted against them. It is not shown by the bankrupt why the petition of review has not been decided, or whether it has ever been brought to a hearing, and, if it has not, that the failure has been through no fault of his, or what efforts he has made to have a hearing. It is stated in the petition of L. Marcotte & Co., that the bankrupt is amply able to pay their claim in full. This is not denied by the bankrupt. Of course, he can pay it only out of means acquired since the petition in bankruptcy was filed. I think the unexplained delay since November, 1870, on the part of the bankrupt, in procuring a decision on his petition of review, is an unreasonable delay on his part in endeavoring to obtain his discharge, within the intent and meaning of the 21st section. The 2d section provides that the jurisdiction by petition of review may be exercised by the circuit court, or by any justice thereof, in term time or vacation. It would be great injustice to permit an order of the circuit judge, which shows on its face that he contemplated a stay of only two days till the hearing of the petition of review, and which has now been allowed by the bankrupt to remain as an obstruction for fourteen months, and has operated against L. Marcotte & Co. for three months, to remain any longer as an obstacle to their proceeding to endeavor to collect their claim out of any property which the bankrupt has acquired since his petition in bankruptcy was filed.

So much of the order of October 17th, 1871, as operates as a stay of the proceedings of L. Marcotte & Co. on their judgment, is vacated.